UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMAL J. ELLIS,<br><br>                 Plaintiff,<br>    v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                 Defendants. | No. C15-5519 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted For: October 16, 2015 |

Plaintiff Jamal Ellis, who is currently incarcerated at the Washington State Penitentiary, filed an application to proceed *in forma pauperis* (IFP) in this civil rights action on July 27, 2015. Dkt. 1. Plaintiff alleges his rights are being violated by the Department of Corrections ("DOC") and 19 DOC employees because the DOC is forcing him to participate in programming that is not court-ordered and that other inmates with shorter sentences are being accepted into these programs before him. *Id.* Plaintiff filed an almost identical complaint in *Ellis v. Angela Dame, et al.,* Case 15-5517 BHS-KLS, which is the subject of a separate Report and Recommendation.

The Court concludes that Plaintiff's IFP application should be **DENIED** based on the three-strikes rule of 28 U.S.C. 1915(g), and Plaintiff should be directed to pay the $400.00 filing fee in order to proceed with his Complaint.

## DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP

REPORT AND RECOMMENDATION - 1

status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, Section 1915(g) provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008).

When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155. "Dismissal of an action and the subsequent dismissal of the appeal as frivolous amount to two separate strikes." *Richey v. Fleenor*, 2014 WL 5111588 (W.D. Wash Oct. 10, 2014); *see e.g. Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). A dismissal must be final before it counts as a strike. *Silva v. DiVittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

**A.   Strikes Under 28 U.S.C. 1915(g)**

A review of court records from this District and the Eastern District of Washington[1] shows that at least three of the cases Mr. Ellis filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Ellis v. Pease, et al.*, (Eastern District of Washington Case C-11-5126-EFS), Plaintiff's case was dismissed with prejudice for failure to state a claim upon which relief may be granted. The court instructed Plaintiff to be aware the case may count as one of his "strikes." The order

---

[1] This court may take notice of judicial proceedings in another court. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

dismissing the case was entered on November 29, 2011. Plaintiff did not file a notice of appeal and therefore, his case became final on December 29, 2011.[2]  As this case was dismissed for failure to state a claim, *Ellis v. Pease,* Case C-11-5126 is Plaintiff's first strike.

Plaintiff filed *Ellis v. Washington State Department of Corrections, et al.*, (Western District of Washington Case C-15-5836-RBL) on October 21, 2014.  During the screening process, the case was dismissed without prejudice for failure to state a claim.  Plaintiff appealed the dismissal.  The Ninth Circuit Court of Appeals found the appeal frivolous, denied Plaintiff's motion to proceed IFP, and instructed Plaintiff to show cause why the court should not summarily affirm the district court's judgment after the filing fee was paid.  Plaintiff did not pay the filing fee and the case was dismissed for failure to prosecute.  On April 21, 2015, the court issued its mandate, closing the case.  This case became final on July 20, 2015, the date the time period for filing a petition for certiorari expired.  *See Silva*, 658 F.3d at 1100; Sup. Crt. R. 13(3).  The dismissal by the district court in *Ellis v. DOC,* Case C-15-5836-RBL constitutes Plaintiff's second strike.  *See O'Neal*, 531 F.3d at 1155 (finding cases dismissed during the initial screening, prior to IFP being granted, are strikes under §1915(g)).

Because Plaintiff's appeal in *Ellis v. DOC,* Case C15-5836-RBL was deemed frivolous, it constitutes Plaintiff's third strike.  *See Thomas v. Beutler*, 2012 WL 5464631, *2 (E.D. Cal. Nov. 7, 2012) (counting a dismissal for failure to pay a filing fee a strike when the court of appeals denied the plaintiff's motion to proceed IFP because the appeal was frivolous and ordered the plaintiff to show cause why the court should not summarily affirm the district court's judgment upon payment of the filing fee).

---

[2] "If a prisoner does not appeal a dismissal, the dismissal counts as a "strike" from the date when his time to file a direct appeal expired." *Silva*, 658 F.3d at 1100, n. 6; *see also* Fed. R. App. P. 4(a)(1) (time period to file notice of appeal is 30 days).

REPORT AND RECOMMENDATION - 3

Plaintiff filed *Ellis v. Obenland, et al.*, (Western District Case C-14-6010-BHS), on December 23, 2014.  On February 6, 2015, the court dismissed the action for failure to state a claim, stating the dismissal counted as a strike pursuant to § 1915(g).  Plaintiff did not appeal this dismissal and his case became final on April 20, 2015.  Therefore, Plaintiff incurred his fourth strike in *Ellis v. Obenland,* Case C14-6010-BHS.

While incarcerated Plaintiff brought at least four actions or appeals which were frivolous, malicious, or failed to state a claim.  He is therefore barred from proceeding IFP in this action unless he can show he is exempt from the three strikes provision because he is under imminent danger.

**B.     Imminent Danger Exception**

The three-strikes provision does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed.  *Cervantes*, 493 F.3d at 1052.  The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056.  The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.*  (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)).  The plaintiff must make specific or credible allegations showing the threat to him is real and proximate.  *Cervantes*, 493 F.3d at 1053 (*citing Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff alleges his rights are being violated because the DOC is forcing him to participate in programs but is allowing prisoners with shorter prison terms into the program before him.  Dkt. 1-1.  Plaintiff does not allege danger of any physical injury, much less an

imminent serious physical danger which is "ready to take place" or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056.  Therefore, the imminent danger exception does not apply in this case, Plaintiff is subject to the three-strikes rule, and his IFP application must be denied.

In the event Plaintiff elects to pay the $400.00 filing fee and proceed with his complaint, he is advised that the complaint remains subject to the screening provisions of 28 U.S.C. § 1915.[3]

## CONCLUSION

The Court recommends Plaintiff's IFP application be denied as Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g).  The Court further recommends Plaintiff be ordered to pay the $400.00 filing fee within thirty days of the District Court's Order and, if the fee is not paid, dismiss this case without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 21, 2015, as noted in the caption.

DATED this 30th day of September, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[3] The Court notes that prisoners have no constitutional right in their eligibility for rehabilitation programs, *see Moody v. Daggett,* 29 U.S. 78, 88 n.9 (1976).

REPORT AND RECOMMENDATION - 5